1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEREK ONZELL MORROW, SR.,

     Plaintiff,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

Case No. 3:14-cv-00008-RCJ-WGC

**ORDER**

15       Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

16  submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to

17  42 U.S.C. § 1983.  The court will defer ruling upon the application (#1).  The court has reviewed the

18  complaint, and plaintiff will need to submit an amended complaint.

19       When a "prisoner seeks redress from a governmental entity or officer or employee of a

20  governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any

21  portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon

22  which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

23  such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides

24  for dismissal of a complaint for failure to state a claim upon which relief can be granted.

25  Allegations of a pro se complainant are held to less stringent standards than formal pleadings

26  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

27           Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain
              statement of the claim showing that the pleader is entitled to relief."  . . . [T]he pleading
28           standard Rule 8 announces does not require "detailed factual allegations," but it demands

1    more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that
2    offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action
     will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of
3    "further factual enhancement." . . .

4    [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to
     relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads
5    factual content that allows the court to draw the reasonable inference that the defendant is
     liable for the misconduct alleged.  The plausibility standard is not akin to a "probability
6    requirement," but it asks for more than a sheer possibility that a defendant has acted
     unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's
7    liability, it "stops short of the line between possibility and plausibility of 'entitlement to
     relief.'"

8    Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

9         Plaintiff alleges that on January 6, 2012, he injured his hand while playing basketball.  On

10   January 7, 2012, he was admitted to the prison infirmary.  The nurses present, a "John Doe" and two

11   "Jane Does," determined that plaintiff's hand was swollen, not broken.  Plaintiff asked for an X-

12   Ray, but the request was denied.  On a sick call on January 19, 2012, another nurse examined his

13   hand and determined it was broken.  Plaintiff then was treated over the next two months.

14        The caption names the Nevada Department of Corrections as a defendant.  Plaintiff also has

15   named as defendants:  (1) Neven, the prison warden, (2) Marrow, the associate warden, (3) James

16   Cox, the director of the Nevada Department of Corrections, (4) Bruce Bannister, the medical

17   director of the Nevada Department of Corrections, and (5) three "Doe" nurses, all in their individual

18   and official capacities.  An official-capacity claim against a person is the same as a claim against the

19   agency that employs the person; in this case, that agency is the Nevada Department of Corrections.

20   Kentucky v. Graham, 473 U.S. 159, 165 (1984).  The State of Nevada and the Nevada Department

21   of Corrections, which is an arm of the state, are not people within the meaning of 42 U.S.C. § 1983.

22   Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989).  They are not proper defendants

23   in this § 1983 action.  Likewise, defendants Neven, Marrow, Cox, Bannister, and the "Does," in

24   their official capacities, are not proper defendants in this action.  In the amended complaint, plaintiff

25   should not include the Nevada Department of Corrections as a defendant.  Plaintiff also should not

26   check the line indicating that he is suing defendants Neven, Marrow, Cox, Bannister, and the

27   "Does" in their official capacities.

28

1    "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action

2    under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists

3    if the failure to treat a prisoner's condition could result in further significant injury or the

4    'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

5    1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller,

6    104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor

7    or patient would find important and worthy of comment or treatment; the presence of a medical

8    condition that significantly affects an individual's daily activities; or the existence of chronic and

9    substantial pain are examples of indications that a prisoner has a 'serious' need for medical

10   treatment." McGuckin, 974 F.2d at 1059-60.

11   Deliberate indifference is subjective. The prison official cannot be held liable "unless the

12   official knows of and disregards an excessive risk to inmate health or safety; the official must both

13   be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and

14   he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "To show

15   deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was

16   medically unacceptable under the circumstances and that the defendants chose this course in

17   conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978,

18   988 (9th Cir. 2012) (internal quotations omitted), overruled on other grounds, Peralta v. Dillard, 744

19   F.3d 1076, 1082-83 (9th Cir. 2014). However, a difference of opinion over the appropriate course

20   of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058

21   (9th Cir. 2004).

22   Plaintiff has alleged plausibly that his medical condition, a broken hand, is sufficiently

23   serious to fall within the protection of the Eighth Amendment. However, for the reasons stated

24   below, plaintiff has not satisfied the subjective part of the deliberate indifference standard.

25   Plaintiff has not stated claims against defendants Neven, Marrow, Cox, and Bannister.

26   These defendants all are supervisors. "A supervisor may be liable if there exists either (1) his or her

27   personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between

28   the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642,

-3-

1    646 (9th Cir. 1989).  Plaintiff does not meet this standard.  These defendants' names appear only in

2    the preliminary section of the complaint.  In the body of the complaint, plaintiff has not alleged any

3    facts relating to defendants Neven, Marrow, Cox, and Bannister.  Plaintiff will need to correct this

4    defect in the amended complaint, or the court will dismiss these defendants.

5          Plaintiff might have stated a claim against the nurses who refused to examine his hand for

6    broken bones on January 7, 2012.  However, plaintiff has not named these nurses.  Assuming for the

7    moment that plaintiff cannot state a claim against defendants, Neven, Marrow, Cox, and Bannister,

8    the action cannot proceed against "Doe" defendants alone.  Plaintiff will need to identify these

9    nurses in the amended complaint if he wishes to proceed against them.

10          IT IS THEREFORE ORDERED that a ruling upon the application to proceed in forma

11    pauperis (#1) is **DEFERRED**.

12          IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

13          IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim

14    upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights

15    complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is

16    entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.

17    Failure to comply with this order will result in the dismissal of this action.

18          IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such

19    by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

20    U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:14-cv-00008-

21    RCJ-WGC, above the word "AMENDED."

22          Dated:   July 7, 2014

23

24                                                  _____

25                                                  ROBERT C. JONES
                                                    United States District Judge

26

27

28

-4-